**John C. SPURLOCK, Appellant,**

v.

**James C. SCHROEDTER,**
**et al., Appellee.**

**No. 13–01–749–CV.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 1, 2002.

Rehearing Overruled Nov. 14, 2002.

John C. Spurlock, Cuero, Pro Se.

J. Bradley Compere, Assistant Attorney General, Austin, for Appellees.

Before Chief Justice VALDEZ and Justices DORSEY and RODRIGUEZ.

## OPINION

ROGELIO VALDEZ, Chief Justice.

Appellant, John C. Spurlock, an inmate housed in the Texas Department of Criminal Justice—Institutional Division (TDCJ), appeals, through two points of error, the trial court's dismissal of appellant's claim as frivolous. We reverse the judgment and remand to the trial court.

*Facts & Procedural History*

Appellant brought a suit for damages against Property Officer Schroeder and other employees of the State for damages stemming from loss to his personal property. Appellant contends that employees of the State failed to conduct a timely inventory to ensure that all his "craftshop property arrived safely and accounted for and securing such in a safe area, showing gross negligence and derelict of duty under the official capacities."

On May 3, 2001, appellant brought suit in the DeWitt County Justice Court, he also filed motion for leave to proceed *in forma pauperis.* That suit was subsequently dismissed with prejudice on July 18, 2001. Appellant appealed that decision to the Dewitt County Court on July 20, 2001. The county court dismissed appellant's suit with prejudice pursuant to chapter fourteen of the Texas Civil Practice and Remedies Code on September 28, 2001. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (Vernon Supp.2002). The order stated that the motion to dismiss is granted and finds that the claim is frivolous. On October 4, 2001, appellant appealed the decision of the Dewitt County Court and filed motion to leave to proceed *in forma pauperis.*

*Analysis*

The proper standard of review for the dismissal of a frivolous claim pursuant to chapter fourteen is an abuse of discretion. *Jackson v. Texas Dep't of Crim. Justice–Institutional Div.,* 28 S.W.3d 811, 813 (Tex.App.-Corpus Christi 2000, pet. denied). To establish an abuse of discretion, an appellant must show the trial court's actions were arbitrary or unreasonable in light of all the circumstances. *Id.* (citing *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 443 (Tex. 1984)). The standard is clarified by asking

whether the trial court acted without reference to any guiding rules or principles. *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 298 (Tex.1986).

█ The trial court has broad discretion to dismiss an inmate's claim as frivolous. *Jackson,* 28 S.W.3d at 813. To determine whether a claim is frivolous, the trial court may consider if: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b) (Vernon Supp.2002); *Jackson,* 28 S.W.3d at 813.

█ Appellant argues in his first point of error that the trial court violated his due process rights because it did not hold a hearing concerning his *in forma pauperis* status before it dismissed his lawsuit.

In determining whether to dismiss a suit under section 14.003, the court may hold a hearing. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(c) (Vernon Supp.2002). The hearing may be held before or after service of process, and it may be held on motion of the court, a party, or the clerk of the court. *Id.*

The statute's plain language indicates the court's determination to hold a hearing is discretionary. *Id.* Accordingly, it was not mandatory that the trial court conduct a hearing to decide whether appellant's suit should be dismissed. *See Thomas v. Wichita Gen. Hosp.,* 952 S.W.2d 936, 938 (Tex.App.-Fort Worth 1997, writ denied) (holding the trial court did not err in dismissing appellant's claim because the court failed to hold a hearing). Because it was not mandatory that the trial court conduct a hearing, it did not err when it did not.

Appellant's first point of error is overruled.

In point of error two appellant contends the trial court abused its discretion by dismissing this case upon finding that "Plaintiff's claim is frivolous."

█ Because the trial judge held no hearing on the motion to dismiss, he may not dismiss on the ground that there was no arguable basis in fact. *See Lentworth v. Trahan,* 981 S.W.2d 720, 722 (Tex.App.-Houston [1st Dist.] 1998, no pet.). Thus, the issue before us is whether the trial court properly determined there was no arguable basis in law for the suit. *Id.* To determine whether the trial court properly decided there was no arguable basis in law for appellant's suit, we examine the types of relief and causes of action appellant pleaded in his petition to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief. *Id.* In considering the record before us, we review and evaluate pro se pleadings by standards less stringent than those applied to formal pleadings drafted by lawyers. *See Thomas v. Collins,* 860 S.W.2d 500, 503 (Tex.App.-Houston [1st Dist.] 1993, writ denied); see also *Johnson v. Lynaugh,* 796 S.W.2d 705, 706–07 (Tex.1990) (the Texas Supreme Court expressed doubt about whether a trial court can properly dismiss a suit only because the claim's realistic chance of ultimate success is slight or because it is clear that the party cannot prove facts in support of the claim).

Appellees argue that the holding in *Aguilar v. Chastain,* 923 S.W.2d 740, 743–44 (Tex.App.-Tyler 1996, no writ) is controlling in this situation. They correctly cite *Chastain* for the proposition that a prison official's unauthorized intentional act that deprives an inmate of property is not a constitutional violation if there exists

an adequate post-deprivation remedy. *Id.* They incorrectly conclude, however, that since section 501.007 mandates an inmate grievance system this court has no jurisdiction to entertain such a claim. *See Gordon v. Scott,* 6 S.W.3d 365, 369–70 (Tex. App.-Beaumont 1999, no pet.).

■■ We hold that the purpose of sections 501.007 and 501.008 is to ensure that an inmate proceeding in forma pauperis has exhausted his administrative remedies before proceeding to file a claim in state court. TEX. GOVT. CODE ANN. §§ 501.007–.008 (Vernon Supp.2002) (outlining the specific procedures an inmate must complete in order to exhaust his administrative remedies, such as receiving a final written decision by the highest authority provided for in the grievance system). As to the appellee's argument that sections 501.007 and 501.008 of the government code provide an adequate remedy and therefore appellant's claim has no arguable basis in law, we disagree. *See Gordon v. Scott,* 6 S.W.3d at 369–70. Clearly, the legislature foresaw that inmates would seek redress in the courts because section 501.008(d) is the requirement to exhaust the grievance procedures before initiating suit. *Id.* Furthermore, a common law/statutory scheme exists for negligent, intentional or reckless destruction of property. As such, we hold that appellant's claim is an ordinary tort claim that can be tried in state court once his statutory prerequisites have been met.

Upon review of the record we find that appellant properly exhausted his administrative remedies. The record reveals that appellant filed an affidavit stating the date a grievance was filed, the date a written decision was received, and appellant further provided a copy of the written decision. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a) (Vernon Supp.2002). We further fail to find any other grounds upon which the trial court could have found no arguable basis in the law.

Because we find that the trial court could not have concluded that there was no arguable basis in law to dismiss we hold that the trial court abused its discretion in dismissing this case as frivolous. *Sawyer v. Texas Dep't of Criminal Justice,* 983 S.W.2d 310, 311 (Tex.App.-Houston [1st Dist.] 1998, pet. denied).

Appellant's second point of error is sustained.

### *Conclusion*

The judgment is therefore reversed and remanded to the trial court.