NUMBER 13-04-274-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG



ERIC D. HARRISON,                                                          Appellant,

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, 
INSTITUTIONAL DIVISION, ET AL.,                                      Appellee.




On appeal from the 367th District Court
of De Witt County, Texas.




O P I N I O N

Before Justices Rodriguez, Castillo, and Garza
Opinion by Justice Castillo

         Appellant, Eric D. Harrison, an indigent inmate in the Texas Department of
Criminal Justice–Institutional Division (TDCJ), appeals his pro se case under chapter
14 of the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code
Ann. § 14.003 (Vernon 2002). He sued appellees, the TDCJ, a captain, and a
correctional officer, seeking district court de novo review of an administrative
disciplinary decision. We affirm the trial court's chapter 14 dismissal of the lawsuit.
I. Issues Presented
         Harrison presents two issues: (1) whether the trial court erred in dismissing his
prisoner's in forma pauperis suit under chapter 14 as frivolous without a fact hearing;
and (2) whether the disciplinary procedures in question were constitutionally sound
because he was denied (a) the right to confront and cross-examine a witness, and (b)
a neutral and detached hearing officer.
II. Background



         By a major disciplinary report, Harrison was charged with threatening to inflict
harm on a corrections officer on or about November 1, 2003.


 Harrison denied the
allegation. A disciplinary hearing was convened on or about November 10, 2003. 
Harrison pleaded not guilty, and, after the evidentiary hearing,


 was found guilty. 
Punishment was assessed at a "reprimand with action." After exhausting internal
appeals, Harrison filed suit for de novo review in the district court of the disciplinary
action imposed. In his original petition, he alleged the disciplinary action was not
reasonably supported by substantial evidence and was an abuse of discretion. As
relief, he requested that the district court conduct review de novo, vacate the
administrative decision, and expunge his record of the disciplinary action. Harrison
filed a motion to proceed in forma pauperis, a declaration of previous court filings, and
a declaration of previous grievance filings.
         Appellees filed a motion to dismiss, asserting his claims were barred because
the relief requested was barred as a matter of law. Harrison's response asserted
essentially that the motion had no basis in law or in fact. The trial court granted the
motion to dismiss. The order states the trial court (1) reviewed the lawsuit for
compliance with chapter 14 of the civil practice and remedies code, and (2) dismissed
pursuant to chapter 14. This appeal ensued.
III. Scope and Standard of Review
         The proper standard of review for the dismissal of a frivolous claim pursuant to
chapter fourteen is an abuse of discretion. Jackson v. Tex. Dep't of Crim.
Justice-Institutional Div., 28 S.W.3d 811, 813 (Tex. App.–Corpus Christi 2000, pet.
denied). To establish an abuse of discretion, an appellant must show the trial court's
actions were arbitrary or unreasonable in light of all the circumstances. Id. (citing
Smithson v. Cessna Aircraft Co., 665 S.W.2d 439, 443 (Tex. 1984)). The standard
is clarified by asking whether the trial court acted without reference to any guiding
rules or principles. Spurlock v. Schroedter, 88 S.W.3d 733, 735-736 (Tex.
App.–Corpus Christi 2002, no pet.). 
         The trial court has broad discretion to dismiss an inmate's claim as frivolous.
Jackson, 28 S.W.3d at 813. In making that determination, the trial court may
consider if (1) the claim's realistic chance of ultimate success is slight, (2) the claim
has no arguable basis in law or fact, (3) it is clear that the party cannot prove facts in
support of the claim, or (4) the claim is substantially similar to a previous claim filed
by the inmate because the claim arises from the same operative facts. Tex. Civ. Prac.
& Rem. Code Ann. § 14.003(b) (Vernon 2002); Jackson, 28 S.W.3d at 813; Spurlock,
88 S.W.3d at 736. 
IV. Discussion
         By a sub-issue in his first issue presented, Harrison complains of the dismissal 
of his petition without a hearing. In determining whether to dismiss a suit under
section 14.003, the court may hold a hearing. Tex. Civ. Prac. & Rem. Code Ann. §
14.003(c) (Vernon 2002).


 The hearing may be held before or after service of
process, and it may be held on motion of the court, a party, or the clerk of the court. 
Id. The statute's plain language indicates the court's determination to hold a hearing
is discretionary. Spurlock, 88 S.W.3d at 736. Accordingly, it was not mandatory that
the trial court conduct a hearing to decide whether Harrison's suit should be dismissed. 
Id. Because the hearing was not mandatory, the trial court did not err in failing to hold
a hearing. Id. Thus, we overrule the sub-issue in Harrison's first issue. We turn to
Harrison's remaining issues.
         Because the trial judge held no hearing on the motion to dismiss, he may not
dismiss on the ground that there was no arguable basis in fact. See id. The issue
before us therefore is whether the trial court properly determined there was no
arguable basis in law for the suit. Id. To assess whether the trial court properly made
this determination, we examine the types of relief and causes of action set out in the
petition to determine whether, as a matter of law, the petition stated a cause of action
that would authorize relief. Id. In considering the record before us, we review and
evaluate pro se pleadings by standards less stringent than those applied to formal
pleadings drafted by lawyers. Id.
         The dismissal motion asserted grounds against both of Harrison's claims. 
Because the order does not state the specific ground on which it was granted, Harrison
must show that each independent argument alleged in the motion to dismiss is
insufficient to support the order. See Carson v. Walker, 134 S.W.3d 300, 302 (Tex.
App.–Amarillo 2003, no pet.). We turn to Harrison's causes of action for (1) de novo
district court review of a disciplinary decision, (2) expungement of the disciplinary
record, and (3) unconstitutional disciplinary procedures.



 
A. De Novo District Court Review
          Harrison argues that de novo review is available under section 2001.173 of the 
Texas Government Code. See Tex. Gov't Code Ann. § 2001.173 (Vernon 2000).



Appellees counter that, while section 2001.173 allows for district court de novo
review, section 2001.226 clearly states that section 2001.173 does not apply to
TDCJ inmates.


 See Tex. Gov't Code Ann. § 2001.226 (Vernon 2000). Section
2001.226 states:
This chapter does not apply to a rule or internal procedure of the
Texas Department of Criminal Justice or Texas Board of Criminal Justice
that applies to an inmate or any other person under the custody or
control of the department or to an action taken under that rule or
procedure.

See id. 
         We agree with appellees.


 A person may obtain judicial review of an
administrative action only if a statute provides a right to judicial review, or the action
adversely affects a vested property right or otherwise violates a constitutional right. 
See Cont'l Cas. Ins. Co. v. Functional Restoration Assocs., 19 S.W.3d 393, 397 (Tex.
2000); Firemen's & Policemen's Civil Serv. Comm'n v. Kennedy, 514 S.W.2d 237,
239 (Tex. 1974); City of Amarillo v. Hancock, 239 S.W.2d 788, 790 (Tex. 1951). 
Harrison's lawsuit requests de novo review of an administrative decision assessing
discipline for a rule infraction. Section 2001.226 expressly bars de novo review by
district court in this instance. 
 B. Record Expunction
         Harrison also sought expunction of the record memorializing the disciplinary
action. To adjudicate the cause of action, the trial court would be required to review
the propriety of the disciplinary proceedings Harrison asserts in his de novo review
claim, together with administrative rules regarding the keeping of disciplinary records. 
Because his second cause of action also involves a "rule" of the TDCJ "that applies
to an inmate or any other person under the custody or control of the department or to
an action taken under that rule or procedure," within the clear meaning of the statute,
we conclude that the cause of action falls within the scope of section 2001.226 and,
thus, is also barred. 
         An additional basis for concluding the claim is statutorily barred exists in the
context of chapter 14 proceedings. We further conclude that expungement of
Harrison's disciplinary record is derivative of his de novo review claim. Because we
have concluded his de novo review claim is barred, the expungement cause of action
which is inextricably intertwined with his first cause of action is moot. 
C. Constitutional Claim
         In his second issue, Harrison asserts that the disciplinary procedures were
unconstitutional because he was denied the right to confront and cross-examine the
complainant correctional officer, and he was denied a neutral and detached hearing
officer. We conclude that the plain meaning of section 2001.226 also bars the
constitutional claim. Section 2001.226 expressly applies to an "internal procedure of
the Texas Department of Criminal Justice or Texas Board of Criminal Justice that
applies to an inmate" or "to an action taken under that rule or procedure." See Tex.
Gov't Code Ann. § 2001.226 (Vernon 2000). We must presume that the Legislature
intended the plain meaning of the words it used in the statute, and we must give
effect to its intent.


 
V. Conclusion
         The trial court could properly have concluded that there was no arguable basis
in law for Harrison's lawsuit. Cf. Spurlock, 88 S.W.3d at 737. Accordingly, we
conclude that the trial court did not act without guiding principles, and did not abuse
its discretion. See Jackson, 28 S.W.3d at 813. We overrule Harrison's first and
second issues. We affirm the order dismissing the lawsuit. 


                                                               ERRLINDA CASTILLO
                                                               Justice 



Opinion delivered and filed this 
the 26th day of May, 2005.