NUMBER 13-04-320-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 



 

CHRISTOPHER BROOKS,                                           Appellant,

 

                                           v.

 

TDCJ-ID,
ET AL.,                                                    Appellees.

 



 

                  On appeal from the 156th
District Court

                              of Bee
County, Texas.

 



 

                     MEMORANDUM OPINION

 

                Before Justices Yañez,
Castillo, and Garza

                  Memorandum Opinion by Justice Castillo

 








Appellant, Christopher Brooks, an indigent inmate in
the Texas Department of Criminal JusticeBInstitutional Division (TDCJ-ID), appeals the
dismissal of his pro se claim under chapter fourteen of the Texas Civil Practice
and Remedies Code.[1]
 See Tex. Civ. Prac. & Rem. Code Ann. ' 14.003 (Vernon 2002).  We affirm the trial court's chapter 14
dismissal of the claim. 

I. Issue Presented

The sole issue Brooks
presents for review is whether the trial court erred in dismissing his
prisoner's in forma pauperis suit under section 14.005(b) of the civil practice and remedies code.  He argues the suit was timely filed when
placed in the possession of prison officials for mailing and filing.[2]
 

II.  Background








Brooks's original
petition shows the file date as September 22, 2003.  He
sued appellees, the TDCJ-ID and various departmental employees, seeking
district court de novo review of an administrative disciplinary decision[3]
and damages for a slip-and-fall accident.[4]  On October 9, 2003, TDCJ-ID and the employees
filed a joint motion to dismiss, asserting that (1) Brooks failed to file the
claim within the thirty-one day statute of limitations; and (2) even assuming
that the mailbox rule applied, Brooks filed the claim on the thirty-sixth day
of receiving the final agency decision. 
Brooks filed a response, with an accompanying unsworn declaration,
asserting that he timely filed his claim because he received the administrative
decision on August 20, 2003, and, thus, he had until September 20, 2003, to
file his claim.  The trial court granted
the motion to dismiss.  This appeal
ensued.

III.   Standard and Scope of Review

The proper standard of
review for the dismissal of a frivolous claim pursuant to chapter fourteen is
an abuse of discretion.  Jackson v.
Tex. Dep't of Crim. Justice‑Institutional Div., 28 S.W.3d 811, 813
(Tex. App.BCorpus Christi 2000,
pet. denied).  To establish an abuse of
discretion, an appellant must show the trial court's actions were arbitrary or
unreasonable in light of all the circumstances.  Id. (citing Smithson v. Cessna Aircraft
Co., 665 S.W.2d 439, 443 (Tex. 1984)). 
The standard is clarified by asking whether the trial court acted
without reference to any guiding rules or principles.  Spurlock v. Schroedter, 88 S.W.3d 733, 735‑36
(Tex. App.BCorpus Christi 2002,
no pet.).  

IV.  Discussion








Chapter 14, also known
as the "Inmate Litigation Act," applies to a suit brought by an
inmate in a district court in which an inmate files an unsworn declaration of
inability to pay costs.  See Tex. Civ.
Prac. & Rem. Code
Ann. _ 14.002(a) (Vernon
2002); Warner v. Glass, 135 S.W.3d 681, 683-84 (Tex. 2004) (per curiam)
(holding that "a pro se inmate's claim under section 14.004 of the Inmate
Litigation Act is deemed filed at the time the prison authorities duly receive
the document to be mailed.").  The
parties do not dispute that chapter 14 applies. 
See Tex. R. App. P. 38.1(f) ("In a civil case,
the court will accept as true the facts stated unless another party contradicts
them.").  Brooks concedes that the
deadline for filing his claim was September 20, 2003.  The original petition was filed on September
22, 2003.   

Court documents show
that Brooks lists his address as the prison facility located in Beeville,
Texas.  The original petition was filed
with the Bee County District Clerk's Office, also in Beeville.  The record does not establish the date Brooks
properly deposited the original petition into the prison mail system.  That date is material to the disposition of
his issue on appeal because his claim is deemed filed at the time the prison
authorities duly receive the document to be mailed.  See Warner, 135 S.W.3d at 684.








We are mindful that a
party who is incarcerated does not have direct access to either the clerk's
office or a United States mailbox for first‑class mail, and, thus, as Warner
instructs, a pro se inmate's petition that is placed in a properly addressed
and stamped envelope is deemed filed at the time the prison authorities duly
receive the document to be mailed.  Id.  Here, the record does not contain a copy of
the post‑marked envelope, if any, containing Brooks' petition.  The record includes copies of his in forma
pauperis documents, all dated either September 15 or September 16, 2003. In
his response to the dismissal motion, Brooks did not state that he timely
tendered his petition to the appropriate prison authority; rather, Brooks
focused his response on the date he received the administrative decision.  

Because the record
contains no evidence that Brooks' claim was timely received by the proper
prison authority, we conclude that the trial court did not abuse its discretion
in dismissing his claim as untimely filed. 
See _ 14.005(b) (Vernon 2002); Warner,
135 S.W.3d at 684.

V.  Conclusion

We overrule Brooks'
sole issue and affirm the order of dismissal.

 

 

ERRLINDA CASTILLO

Justice

 

 

 

 

Memorandum Opinion delivered and filed

this 28th day of July, 2005.

 











[1] "Claim" means a cause of
action governed by chapter 14.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.001 (Vernon 2002).





[2] "A court shall dismiss a
claim if the inmate fails to file the claim before the 31st day after the date
the inmate receives the written decision from the grievance system."  Tex.
Civ. Prac. & Rem. Code Ann. ' 14.005(b) (Vernon 2002).





[3] The department denied Brooks'
grievance regarding a disciplinary action and determined that there was no
medical reason excusing his failure to report to his work assignment.





[4] In his live pleading, Brooks
alleged that he fell after exiting a shower stall and sustained injuries to his
neck and back.  He sued departmental
employees claiming, in part, that they failed to provide medical care.  Brooks raises no issue regarding the
propriety of the dismissal of his other claims.