NUMBER
13-03-066-CV

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

THOMAS W. SHAW,                                                                         Appellant,

                                                             v.

DIRECTOR, UNIVERSITY OF TEXAS 

MEDICAL BRANCH ET AL.,                                                              Appellee.

 

 

                     On appeal from the 12th District
Court

                                         of
Walker County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

Appellant, Thomas W. Shaw, is an inmate at the Ellis
Unit in Huntsville, Texas.  He seeks
review of the trial court=s decision to dismiss as frivolous his claims filed
against the Director of the University of Texas Medical Branch (UTMB), three
UTMB employees who worked at the Ellis Unit, and one Texas Department of
Criminal Justice (TDCJ) employee of the Ellis Unit.  Appellant claims the court erred because he
was denied a hearing where he could show his suit was not frivolous, and
because he substantially complied with the relevant code sections to the best
of his limited ability as an inmate.  We
affirm the judgment of the trial court.

I.  Facts and
Procedural History

Appellant, a prisoner proceeding pro se and in forma
pauperis, suffers from incontinence, 
hearing problems and heart problems. 
In October 2001, he was transferred from the J-Wing dormitory to a cell
block within the prison.  He complained
that the accommodations in the cell block did not meet his medical needs and
requested a transfer back to the dormitory. 
The request was denied.  In August
2002, appellant was examined by a physician from outside the prison system, who
recommended appellant be kept within the dormitory because of his health
problems.  Appellant was still not
transferred back to the dormitory. 
Appellant filed a Step One Grievance with the TDCJ to no effect.  

Appellant then filed suit against appellees on
November 22, 2002, alleging (1) violations of his Constitutional right to
adequate and proper medical care, and (2) transfer into less desirable
conditions of confinement despite the recommendations of his physician.  Without a hearing, the trial court dismissed
the lawsuit as frivolous and noted appellant failed to meet the requirements of
Texas Civil Practice and Remedies Code sections 14.003, 14.004, and
14.005(b).   See Tex. Civ. Prac. & Rem. Code Ann. '' 14.003, 14.004, 14.005(b) (Vernon 2002).

 








II.  Claims on
Appeal

Appellant=s issues on appeal are not clearly delineated but
appear to be as follows:

First, appellant claims the trial court erred by not
granting him a hearing to challenge the appellees=
motion to dismiss.

Second, appellant claims the trial court
mischaracterized his claim as arising under the constitutional prohibition
against cruel and unusual punishment under the Eighth Amendment.  Appellant denies this interpretation of his
claim, arguing he never claimed cruel and unusual punishment.  He explains in his brief that the basis of
his lawsuit is that UTMB employees were Anot providing the treatment and care recommended by
a qualified medical doctor.@  As evidence
in support of this claim, he notes (1) the prison=s
refusal to transfer him back from the cell block to the dormitory, despite the
recommendation of his physician from outside the prison system, and (2) the
refusal to discuss his incontinence problem during an annual checkup.  Appellant cites Christy v. Robinson,
216 F. Supp. 2d. 398, 408 (D. N.J. 2002), for the proposition that deliberate
indifference to an inmate=s medical needs violates the Eighth Amendment.

Third, appellant claims the transfer from the
dormitory to the cell block diminished his living conditions and amounted to a
punishment meted out without due process. 
This first three issues will be analyzed under section 14.003, which
allow this Court to review the merits of the complaint.  See  Tex.
Civ. Prac. & Rem. Code ANN.  ' 14.003(b). 

Finally, appellant claims his suit should not have
been dismissed for noncompliance with sections 14.004 and 14.005(b), because he
substantially complied to the best of his ability given his limited means as a
prisoner.

 








III. 
Frivolousness of the Claim

1.  Applicable
Law

With regard to inmate litigation, the trial court
may dismiss a claim if it is frivolous.  Tex. Civ. Prac. & Rem. Code
ANN.  '
14.003(a)(2).  In determining whether a
claim is frivolous, the court may consider if the claim's realistic chance of
ultimate success is slight, and whether the claim has any arguable basis in law
or in fact.  Id. ' 14.003(b)(1)-(2).

The proper standard of review for the dismissal of a
frivolous claim pursuant to chapter fourteen is an abuse of discretion. Jackson
v. Tex. Dep't of Crim. Justice‑Institutional Div., 28 S.W.3d 811, 813
(Tex. App.BCorpus Christi 2000, pet. denied). To establish an
abuse of discretion, an appellant must show the trial court's actions were
arbitrary or unreasonable in light of all the circumstances.  Id. (citing Smithson v. Cessna Aircraft
Co., 665 S.W.2d 439, 443 (Tex. 1984)). 
The standard is clarified by asking whether the trial court acted
without reference to any guiding rules or principles. Spurlock v. Schroedter,
88 S.W.3d 733, 735‑36 (Tex. App.BCorpus Christi 2002, no pet.).

2.  Lack of a
Hearing








In his first issue, appellant complains of the
dismissal of his petition without a hearing. 
In determining whether to dismiss a suit under section 14.003, the
statute states the court may hold a hearing.  Tex.
Civ. Prac. & Rem. Code ANN. 
' 14.003(c). 
The plain language indicates the court's determination whether to hold a
hearing is discretionary.  Spurlock,
88 S.W.3d at 736.  Accordingly, it was
not mandatory that the trial court conduct a hearing to decide whether
appellant=s suit should be dismissed.  Id. 
Because the hearing was not mandatory, the trial court did not necessarily
err in failing to hold a hearing. 
Furthermore, appellant presents no compelling reason to show that even a
discretionary hearing ought to have been held. 
See id.  We overrule this
issue.

3.  Failure to
Provide Medical Care

Although appellant insists his case is not brought
under the Eighth Amendment=s prohibition against cruel and unusual punishment,
both his argument and case law relies on the Eighth Amendment.  Appellant offers no other basis of his claim for
the constitutional right to medical care. 
Appellant=s argument regarding unhealthy living conditions
directly implicates the Eighth Amendment=s requirement that 
A[e]xcessive bail shall not be required, nor
excessive fines imposed, nor cruel and unusual punishments inflicted.@ U.S. Const. amend.
VIII.  The Eighth Amendment protection
from cruel and unusual punishment is applied to the States through the
Fourteenth Amendment.  See Robinson v.
California, 370 U.S. 660, 675 (1962).  
Furthermore, case law has established that the government=s responsibility to provide medical care to those it
incarcerates falls under the Eighth Amendment protection against cruel and
unusual punishment.  Estelle v. Gamble,
429 U.S. 97, 102-03 (1976).  With no
alternative basis provided for his claim, we will therefore assess appellant=s claim as arising under the Eighth Amendment.

Matters of medical judgment do not necessarily
implicate the Eighth Amendment even if they rise to the level of medical
malpractice.  Estelle, 429 U.S. at
107.  To show violation of the Eighth
Amendment, appellant would have to show an actual denial of medical treatment
with deliberate indifference to serious medical needs.  Id. at 104.  Medical experts may disagree as to treatment
of a patient, and although one doctor recommended a transfer back to the
dormitory, the medical personnel at TDJC clearly did not agree.  Appellant has failed to establish that a
changed living arrangement denied him medical treatment and amounted to
deliberate indifference to his medical needs. 









Appellant further complains that the physician=s failure to discuss with appellant his incontinence
during one physical exam constituted denial of treatment with deliberate
indifference to serious medical needs. 
He does not allege, however, that his incontinence has gone unaddressed
or untreated.

Appellant has therefore failed to demonstrate his
medical care fell below the levels required by the Eighth Amendment.  Although we understand his desire to have the
best accommodations possible given his various health issues, we conclude that
appellant=s Eighth Amendment rights were not violated by his
move to the cell block and by his medical care. 
See id.  This issue is
overruled.

4.  Lack of
Due Process

By his third issue, appellant claims his transfer to
the cell block was a punishment imposed without due process.   Liberty interests protected by the due
process clause are "generally limited to freedom from restraint which . .
. imposes atypical and significant hardship on the inmate in relation to the
ordinary incidents of prison life." 
Sandin v. Conner, 551 U.S. 472, 484 (1995).  The cell block experience is unarguably an
ordinary incident of prison life.  The
Constitution Adoes not mandate comfortable prisons.@  Wilson v.
Seiter, 501 U.S. 294, 298 (1991) (quoting Rhodes v. Chapman, 452
U.S. 337, 349 (1981)).  The fact that the
cell block is less comfortable to appellant than the dormitory accommodations
does not impose an atypical hardship on an inmate and therefore does not rise
to the level of a due process violation. 
This issue is overruled.

5. 
Substantial Compliance








Appellant also argues that he substantially
complied, to the best of his limited abilities, with the procedural
requirements of sections 14.004 and 14.005(b).  
However, it is undisputed that appellant failed to correctly file an
affidavit or declaration describing each suit he had previously brought as is
required by section 14.004, see Tex.
Civ. Prac. & Rem. Code Ann. ' 14.004, and that appellant failed to properly
exhaust his administrative remedies by filing a Astep
2" grievance within the AOffender Grievance Program,@ as is required by section 14.005.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 14.005. 
Because appellant did not comply with the requirements of sections
14.004 and 14.005, we hold the trial court did not abuse its discretion in
dismissing appellant's suit.  Appellant=s final issue is overruled. 

IV. 
Conclusion

We affirm the judgment of the trial court.

 

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

 Memorandum Opinion delivered and filed                         

this
22nd day of August, 2005.