NO. 12-04-00143-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

BENJAMIN ELIAS,                                          §     APPEAL FROM THE 87TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF


L. DELEON, ET AL.,                                         §     ANDERSON COUNTY, TEXAS 
APPELLEES




MEMORANDUM OPINION
            Benjamin Elias an inmate in the Texas Department of Criminal Justice-Institutional Division
(“TDCJ”), proceeding pro se, filed an in forma pauperis suit against “Ms. L. DeLeon, Ms. Garner,
Ms. Cordell, Mr. Castro, [and] Ms. Pam Kirkpatrick.”


 Elias appeals the trial court’s order
dismissing his suit pursuant to Texas Civil Practice and Remedies Code, section 14.003. Elias 
raises three issues on appeal. We reverse and remand.

Background
            Elias is an inmate at the Mark W. Michael Unit in Tennessee Colony, Texas. While
incarcerated, Elias filed a civil suit against DeLeon, Garner, Cordell, Castro, and Kirkpatrick. In
his lawsuit, he alleges that on September 4, 2003, while he was incarcerated at the Clements Unit,
DeLeon confiscated his property during a “major shakedown.” Elias was transferred to the
Michael Unit on October 6 in order to attend college courses; however, his property remained at
the Clements Unit and Elias was told the property would be forwarded to him later. Elias
eventually received some of his property but did not receive his typewriter, “hot-pot,” fan,
typewriter ribbons, and printwheels. Elias filed various grievances, but alleges that Kirkpatrick
returned them as “unprocessed” because they were untimely. Elias contends that Kirkpatrick “has
denied [him] redress through the grievance system.”
            On March 26, 2004, without conducting a hearing, the trial court found that Elias’s suit
was frivolous or malicious and dismissed it with prejudice pursuant to Texas Civil Practice and
Remedies Code section 14.003. This appeal followed.
 
Dismissal of Elias’s ClaimsIn each of his three issues, Elias contends that the trial court erred by dismissing his claims
with prejudice. Appellees have not filed a brief.
Standard of Review 
            We review the dismissal of an inmate’s action as frivolous under an abuse of discretion
standard. Spurlock v. Johnson, 94 S.W.3d 655, 657 (Tex. App.– San Antonio 2002, no pet.). 
To establish that the trial court abused its discretion, the complaining party must show that the
court acted without reference to any guiding rules or principles. Id. We will affirm such a
dismissal if it was proper under any legal theory. Birdo v. DeBose, 819 S.W.2d 212, 215 (Tex.
App.–Waco 1991, no writ). In considering the record before us, we review and evaluate pleadings
of inmates proceeding pro se in civil suits with liberality and patience. Foster v. Williams, 74
S.W.3d 200, 202 n. 1 (Tex. App.–Texarkana 2002, pet. denied). 
Analysis
            Elias’s type of suit is controlled by Chapter 14 of the Texas Civil Practice and Remedies
Code. Section 14.003(a)(2) provides that before or after service of process, a court may dismiss
a claim if the court finds that it is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003(a)(2) (Vernon 2002). In determining whether a claim is frivolous or malicious, the court
may consider whether
 
(1) the claim’s realistic chance of ultimate success is slight;
              (2) the claim has no arguable basis in law or in fact;
(3) it is clear that the party cannot prove facts in support of the claim; or
(4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises
from the same operative facts.



 
Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b) (Vernon 2002).
            The trial court dismissed Elias’s case sua sponte, without Appellees having filed a motion
to dismiss or a hearing; therefore, he could not have dismissed the case on the ground that there
was no arguable basis in fact. Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.–Houston
[1st Dist.] 1998, no pet.). The issue then becomes whether the trial court properly determined
there was no arguable basis in law for the suit. Id. To determine whether the trial court properly
decided there was no arguable basis in law, we examine the types of relief and causes of action
Elias pleaded in his petition to determine whether, as a matter of law, the petition stated a cause
of action that would authorize relief. Spurlock v. Schroedter, 88 S.W.3d 733, 736 (Tex.
App.–Texarkana 2002, no pet.). 
            Elias alleges that the defendants 1) permanently either negligently or intentionally
deprived him of personal property by confiscating certain items and refusing to produce and return
the items to him and 2) deprived him of the right to proper redress through the grievance system. 
Conversion is defined as the wrongful exercise of dominion and control over another’s property
in denial of or inconsistent with his or her rights. Johnson v. Brewer & Pritchard, P.C., 73
S.W.3d 193, 210 (Tex. 2002). Applying the liberal standard to pleadings filed pro se by inmates,
and considering the facts set out in Elias’s petition, we conclude he has stated a claim for
conversion that has an arguable basis in law. See Spurlock, 88 S.W.3d at 737. Accordingly, we
hold that the trial court abused its discretion by dismissing Elias’s case as frivolous. Id. Elias’s
first, second, and third issues are sustained.
Conclusion
            Having sustained all of Elias’s issues, we reverse and remand this cause for further
proceedings consistent with this opinion. 
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice
Opinion delivered September 30, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
(PUBLISH)