

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00414-CV

**DARNELL SMITH,**

                                        **Appellant**

 **v.**

**ROBERT H. QUADA JR., MELVIN JOYCE WANZA,**
**GARLAND GOODRUM, S. GILMORE,**
**DAVID MCLEOD, CHARLES BELL,**
**AND KELLY STRONG,**

                                        **Appellees**

_____

**From the 12th District Court**
**Walker County, Texas**
**Trial Court No. 24,576**

## MEMORANDUM OPINION

By six issues, which can be categorized as two, appellant, Darnell Smith, a prison inmate at the Wynne Unit in Huntsville, Texas, appeals the trial court's dismissal of his lawsuit against appellees, seven Texas Department of Criminal Justice—Institutional Division employees:  Robert H. Quada Jr., Garland Goodrum, Shelly Gilmore, Meioin Wanza, Charles C. Bell, Kelly Strong, and David McLeod.  We affirm.

# I. BACKGROUND

In his lawsuit, appellant alleged that appellees violated his constitutional right of access to court, failed to protect him from harassment, and violated the Texas Theft Liability Act. Specifically, appellant asserted that appellees tampered with his legal mail on multiple occasions in retaliation for filing another lawsuit—trial court cause number 24,114.[1] Appellant also asserted that appellees failed to stop additional retaliation he faced, refused to provide him with additional boxes for his legal materials, and seized his photocopied case law in an attempt to obtain an unfair

---

[1] On August 4, 2009, appellant filed a motion seeking to consolidate this matter with the dispute filed in trial court cause number 24,114, a case which is still pending in the trial court. Specifically, in his motion, appellant asserted that "the facts underlying each action are interrelated and hopelessly intertwined . . . [and] arise from similar events and circumstances . . . ." Moreover, in compliance with section 14.004 of the civil practice and remedies code, appellant filed an unsworn declaration of previous filings, in which he described the matter in trial court cause number 24,114 as follows:

> Smith v. Quada, Jr., et al., 24114, Walker County State Disitrict [sic] Court (12th Judicial) in Huntsville, Texas; names multiple defendant prison officials (Robert [H.] Quada, Jr.; Garland Goodrum, A Crofton, L. Jones; Scott Bailey; Steven Jeffcoat; Herbert Gary; Tracy Bailey; Lonny Johnson; Kelly Strong; Robin R. Robinson; Charless [sic] Bell; Robert Treon; and Nathanial Quarterman . . . brought 42 U.S.C. § 1983 action alleging retaliation, denial of equal protection, denial of access to courts, inter alia. The crux of this action stems from (1) prison officials reprisls [sic]/harassments perpetuated against Plaintiff due to his exercise of both administrative grievances and redress through courts, and (2) among other things, (2) flagrant manipulation and exploitation of legal storage box policies to deprive Plaintiff of adequate space to secure all his legal materials per AD 03.72.

See TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (Vernon 2002); see also Parker v. Thomas, No. 10-08-00318-CV, 2010 Tex. App. LEXIS 6990, at *2 (Tex. App.—Waco Aug. 25, 2010, no pet.) (mem. op.). On appeal, appellant argues that there is "a factual dispute as to whether the two suits are substantially similar . . . ." However, we note that appellant has already judicially admitted, through his motion for consolidation, that the two suits are substantially similar, and such an admission is binding upon appellant. See Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 568 (Tex. 2001) ("'Assertions of fact, not plead in the alternative, in the live pleadings of a party are regarded as formal judicial admissions.'" (quoting Houston First Am. Savs. v. Musick, 650 S.W.2d 764, 767 (Tex. 1983))); see also AEP Tex. Cent. Co. v. Pub. Util. Comm'n of Tex., 286 S.W.3d 450, 459 n.24 (Tex. App.—Corpus Christi 2008, pet. denied) (noting that a "judicial admission is binding on the party admitting it, and he may not introduce contradicting evidence"). Also in his unsworn declaration of previous filings, appellant listed numerous other lawsuits in which he filed pro se, many of which were dismissed as frivolous or for some other reason.

advantage at an August 25, 2008 hearing in trial court cause number 24,114. Appellant sought declaratory, injunctive, and monetary relief from appellees.

Appellees responded to appellant's lawsuit by filing an original answer and a motion to dismiss pursuant to chapter 14 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014 (Vernon 2002). On June 8, 2009, the trial court conducted a hearing on appellees' motion to dismiss with all the parties present. During the hearing, the trial court granted appellant additional time to file a response to appellees' arguments. On November 12, 2009, appellant filed his response. Shortly thereafter, the trial court dismissed appellant's lawsuit as frivolous in accordance with chapter 14. *See id.* § 14.003(a)-(b). This appeal followed.[2]

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

By his first issue, appellant asserts that the trial court erred by failing to enter findings of fact and conclusions of law in this matter. Here, appellant made two requests for findings of fact and conclusions of law via post-dismissal motions. A trial court is required in certain circumstances to file written findings of fact and conclusions of law requested by a party. *See* TEX. R. CIV. P. 296, 297. However, many Texas courts have held that rules 296 and 297 do not apply in an inmate suit that is dismissed for failure to comply with the chapter 14 pleading requirements. *See Timmons v. Luce*, 840 S.W.2d 582, 586 (Tex. App.—Tyler 1992, no writ) (citing *Kendrick v. Lynaugh*, 804 S.W.2d 153, 156 (Tex. App.—Houston [14th Dist.] 1990, no writ)); *see also Addicks v. Quarterman*, No. 12-09-00098-CV, 2011 Tex. App. LEXIS 1077, at *12 (Tex. App.—Tyler Feb. 16, 2011,

---

[2] Appellees have not filed an appellate brief in this matter.

no pet.) (mem. op.); *Walker v. Callahan*, No. 04-05-00095-CV, 2005 Tex. App. LEXIS 7887, at **3-4 (Tex. App.—San Antonio Sept. 28, 2005, no pet.) (mem. op.); *In re Decker*, No. 06-04-00134-CV, 2004 Tex. App. LEXIS 10843, at *3 (Tex. App.—Texarkana Dec. 3, 2004, orig. proceeding) (mem. op.); *Harris v. West*, No. 09-98-231-CV, 1998 Tex. App. LEXIS 7626, at **5-6 (Tex. App.—Beaumont Dec. 10, 1998, no pet) (per curiam) (not designated for publication) ("The procedure for filing findings of fact and conclusions of law applies only to cases tried on the merits. The trial court need not make findings of fact and conclusions of law where there has been no bench trial.") (internal citations omitted). The reasons for not applying rules 296 and 297 when a case is dismissed pursuant to chapter 14 are that: (1) the case was dismissed due to deficiencies in the pleadings; and (2) the trial court has not conducted a trial on the merits of the inmate's suit. *See Timmons*, 840 S.W.2d at 586. Because appellant's suit was summarily dismissed as frivolous without a trial, we conclude that the trial court was under no duty to file findings of fact and conclusions of law in this case. *See id.*; *Kendrick*, 804 S.W.2d at 156; *see also Addicks*, 2011 Tex. App. LEXIS 1077, at *12; *Walker*, 2005 Tex. App. LEXIS 7887, at **3-4; *In re Decker*, 2004 Tex. App. LEXIS 10843, at *3; *Harris*, 1998 Tex. App. LEXIS 7626, at **5-6. Thus, we overrule appellant's first issue.

### III.  THE TRIAL COURT'S DISMISSAL ORDER

By his second issue, appellant contends that the trial court abused its discretion in dismissing this lawsuit as frivolous. We disagree.

## A. Standard of Review and Applicable Law

Generally, the dismissal of inmate litigation under chapter 14 is reviewed for abuse of discretion. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.). "To establish an abuse of discretion, an appellant must show the trial court's actions were arbitrary or unreasonable in light of all the circumstances. The standard is clarified by asking whether the trial court acted without reference to any guiding rules or principles." *Spurlock v. Schroedter*, 88 S.W.3d 733, 735-36 (Tex. App.—Corpus Christi 2002, pet. denied) (internal citations omitted).

In addition, the trial court has broad discretion to dismiss an inmate's claim as frivolous. *Spurlock*, 88 S.W.3d at 736. To determine whether a claim is frivolous, the trial court may consider if: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b); *see Spurlock*, 88 S.W.3d at 736.

## B. Discussion

As noted above, appellant filed a motion to consolidate this matter with trial court cause number 24,114—a motion that was not ruled upon by the trial court. In that motion, appellant admitted that the operative facts in this matter are interrelated, "hopelessly intertwined," and arise from similar events and circumstances as that of trial court cause number 24,114. Furthermore, in his unsworn declaration of previous

filings, appellant's description of the facts involved in trial court cause number 24,114 is substantially similar to appellant's recitation of facts in this matter. Because appellant's claim in this matter is substantially similar to his claim in trial court cause number 24,114, section 14.003(b)(4) authorized the trial court to dismiss this matter as frivolous. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(4); *see also Spurlock*, 88 S.W.3d at 736; *Obadele v. Johnson*, 60 S.W.3d 345, 348 (Tex. App.—Houston [14th Dist.] 2001, no pet.) ("The purpose of sections 14.003 and 14.004 is to reduce the problem of constant, often duplicative, inmate litigation requiring the inmate to notify the trial court of previous litigation and the outcome. When an inmate complies with section 14.004, the trial court can determine, based on previous filings, if the suit is frivolous because the inmate had already filed a similar claim."). As a result, we cannot say that the trial court abused its discretion in dismissing appellant's suit as frivolous under chapter 14. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(4); *Brewer*, 268 S.W.3d at 767; *Spurlock*, 88 S.W.3d at 736; *see also Doyle v. Teske*, No. 12-09-00359-CV, 2011 Tex. App. LEXIS 2360, at **6-7 (Tex. App.—Tyler Mar. 31, 2011, no pet.) (mem. op.) (noting that when a trial court does not make separate findings of fact and conclusions of law, we must assume that the trial court made all findings in support of its judgment, and we must affirm the trial court's judgment if it can be upheld on any legal theory finding support in the record). Accordingly, we overrule appellant's second issue on appeal.[3]

### IV.   CONCLUSION

---

[3] Given our disposition of appellant's second issue, we need not address appellant's remaining sub-issues, as their resolution is not necessary to our disposition. *See* TEX. R. APP. P. 47.1.

We affirm the judgment of the trial court.


AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed July 6, 2011
[CV06]