# NO. 12-20-00124-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *QUINCY DESHAN BUTLER, APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | | |
| *BRYAN COLLIER, GREGORY VAUGHN, KEVIN WHEAT, CAPT. CURRY, KIMBERLY STRIBLIN, C. BAKER, TRAY HUTTO, OFFICER PITONES, TERI HALL, SGT. MIKE BROWN AND NETRA HICKS, APPELLEES* | § | *COUNTY COURT AT LAW* |
| | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Quincy Deshan Butler appeals from the trial court's dismissal of his civil suit against various officials of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID). The dismissal was rendered pursuant to Chapter Fourteen of the Texas Civil Practice and Remedies Code. Butler raises two issues on appeal. We affirm.

## BACKGROUND

Butler, an inmate, filed a petition in district court naming correction officers Bryan Collier, Gregory Vaughn, Kevin Wheat, Capt. Curry, Kimberly Striblin, C. Baker, Tray Hutto, Officer Pitones, Teri Hall, Mike Brown, and Netra Hicks as defendants. Butler claims that Officer Pitones stole his Versace glasses and then ceased coming to work after complaints were made. Butler further claims that he complained to various other correctional officers about the theft; however, he never received his glasses or was compensated for their loss. He also asserts that he followed the required grievance procedure before filing his lawsuit.

1

With the petition, Butler filed an affidavit of inability to pay costs and sought to proceed in forma pauperis. The trial court rendered an order of dismissal stating:

> It is obvious to the court that this civil action is not brought under the Family Code and is a cause of action governed by Chapter 14 of the Texas Civil Practice and Remedies Code. The Court finds that [sic] the claim to be frivolous or malicious.
>
> The Court finds that the Plaintiff failed to file an affidavit related to previous filing[s] which complied with Section 14.004. Plaintiff failed to provide a certified copy of his inmate account statement as required by Section 14.004. Plaintiff failed to comply with Section 14.005. Plaintiff's civil suit alleges the causes of action accrued in October 2016, and that he filed Step 1 and Step 2 grievance forms at that time. Plaintiff did not provide the Court with Step 1 and Step 2 grievance forms from 2016. Plaintiff provided the Court with Step 1 and Step 2 grievance paperwork he submitted to the grievance system in October 2018. Plaintiff failed to file his claim before the 31st day after the date the inmate received the written decision from the grievance system as required by Section 14.005.
>
> It is hereby, ORDERED, ADJUDGED, AND DECREED that the action of Plaintiff against Defendants be dismissed without prejudice.

This appeal followed.

## DISMISSAL OF SUIT

In his two issues, Butler contends the trial court erred in dismissing his suit because his declaration of inability to pay costs established that he is indigent. As a result, he contends the merits of his case should be addressed by the trial court even though he failed to provide a certified copy of his inmate trust account statement.[1]

**Standard of Review and Applicable Law**

A prison inmate who files suit in a Texas state court pro se and who seeks to proceed in forma pauperis must comply with the procedural requirements set forth in Chapter 14 of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004, 14.005 (West 2017). Failure to fulfill those procedural requirements will result in dismissal of an inmate's suit. *See Bell v. Texas Dep't of Crim. Justice–Inst. Div.*, 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied).

Generally, the dismissal of inmate litigation under Chapter 14 is reviewed for abuse of discretion. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). "To

---

[1] Butler does not challenge the other grounds for the trial court's dismissal order.

establish an abuse of discretion, an appellant must show the trial court's actions were arbitrary or unreasonable in light of all the circumstances. The standard is clarified by asking whether the trial court acted without reference to any guiding rules or principles." ***Spurlock v. Schroedter****,* 88 S.W.3d 733, 735–36 (Tex. App.–Corpus Christi 2002, no pet.).

**Analysis**

Butler challenges the trial court's dismissal of his suit on the ground that he failed to follow the requirements of Texas Civil Practice and Remedies Code Section 14.004. That Section provides:

> (a) An inmate who files an affidavit or unsworn declaration of inability to pay costs shall file a separate affidavit or declaration:
>
>> (1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and
>>
>> (2) describing each suit that was previously brought by:
>>
>>> (A) stating the operative facts for which relief was sought;
>>>
>>> (B) listing the case name, cause number, and the court in which the suit was brought;
>>>
>>> (C) identifying each party named in the suit; and
>>>
>>> (D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.
>
> (b) If the affidavit or unsworn declaration filed under this section states that a previous suit was dismissed as frivolous or malicious, the affidavit or unsworn declaration must state the date of the final order affirming the dismissal.
>
> (c) The affidavit or unsworn declaration must be accompanied by the certified copy of the trust account statement required by Section 14.006(f).

TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (West 2017).

The record reflects that Butler filed an affidavit of inability to pay costs. He did not, however, attach a certified copy of his trust account statement as required by Section 14.004(c). The requirement to file an inmate trust account statement is mandatory, and Butler's failure to file it is also sufficient grounds to dismiss his suit. *See **Stone v. Tolerton***, No. 12-08-00127-CV, 2008 WL 5235630, at *2 (Tex. App.—Tyler Dec. 17, 2008, no pet.) (mem. op.). Because Butler

did not comply with the requirements of Section 14.004, the trial court did not abuse its discretion in dismissing Butler's claim for failure to comply with Section 14.004(c).  *See id.; see also* ***Williams v. Brown***, 33 S.W.3d 410, 412 (Tex. App.—Houston [1st Dist.] 2000, no pet.). We overrule Butler's first and second issues.

### DISPOSITION

Having overruled Butler's first and second issues, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered December 16, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

## DECEMBER 16, 2020

## NO. 12-20-00124-CV

**QUINCY DESHAN BUTLER,**
Appellant
V.
**BRYAN COLLIER, GREGORY VAUGHN, KEVIN WHEAT, CAPT. CURRY, KIMBERLY STRIBLIN, C. BAKER, TRAY HUTTO, OFFICER PITONES, TERI HALL, SGT. MIKE BROWN AND NETRA HICKS,**
Appellees

---

Appeal from the County Court at Law

of Houston County, Texas (Tr.Ct.No. 18-0236)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*