COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-115-CV

 

 

JIM H. HAMILTON, JR.                                                                      APPELLANT

 

                                                             V.

 

EMIL J. PECHACEK                                                                             APPELLEE

 

                                                       ------------

 

                FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                                       ------------

 

                                                      OPINION

 

                                                       ------------

I. 
Introduction

Appellant Jim H. Hamilton, Jr., an
inmate proceeding pro se and in forma pauperis, challenges the trial court=s order dismissing his lawsuit
against Appellee Emil J. Pechacek.  In
five points, Hamilton asserts that the trial court erred by dismissing his suit
with prejudice under chapter 14 of the Texas Civil Practice and Remedies Code
without conducting a hearing on Pechacek=s motion to dismiss or on Hamilton=s motion for new trial.  We will affirm in part and reverse and remand
in part.








II.  Factual
and Procedural Background

Hamilton is an inmate housed in the
Texas Department of Criminal Justice=s (TDCJ) James Allred unit in Wichita County, Texas.  Pechacek is an employee of the TDCJ and a
correctional officer at the Allred unit. 
Hamilton alleges that on January 9, 2008, Pechacek caused a cup of hot
coffee to be spilled on him and his personal property.  Hamilton specifically alleges that Pechacek
intentionally or negligently grabbed a coat that had legal papers and a cup of Aextremely hot@ coffee on top of it, threw the coat,
and thus caused the cup of coffee Ato make contact with . . . Hamilton=s chest and stomach area@ and his legal papers.  Hamilton further alleges that Pechacek=s actions caused first-degree burns
on Hamilton=s chest and stomach and the
destruction of legal papers valued at $166.








Hamilton filed a TDCJ grievance
against Pechacek, which was denied. 
Hamilton then filed suit against Pechacek in district court claiming
that Pechacek assaulted him and violated his rights under the Texas constitution,
Texas Penal Code, Texas Government Code, and TDCJ=s rules, policies, and procedures.  Hamilton also requested an eight-point
injunction prohibiting Pechacek from assaulting him or otherwise violating his
rights.[1]  Although Hamilton=s original petition does not
expressly allege violations of Hamilton=s rights under the United States Constitution, it may be
liberally construed as asserting violations of his federal rights under 42
U.S.C. ' 1983.[2]

Pechacek answered and moved to
dismiss Hamilton=s lawsuit under chapter 14 of the
Texas Civil Practice and Remedies Code. 
Chapter 14 sets out special procedural rules that apply to an inmate
lawsuit in which the inmate files an affidavit or unsworn declaration of
inability to pay costs, except for suits brought under the family code.  Tex. Civ. Prac. & Rem. Code Ann. '' 14.001B.014 (Vernon 2002).  Pechacek specifically asserted that the
majority of Hamilton=s claims should be dismissed as
frivolous and that all of his claims should be dismissed because Hamilton did
not comply with chapter 14=s requirement that he file a copy of
the TDCJ=s written grievance decision.








Hamilton filed a verified objection
to Pechacek=s motion to dismiss and a AMotion for Bench Warrant or In the
Alternative Motion for Hearing by Conference Call.@  The trial court set Pechacek=s motion to dismiss for hearing by
submission only and ultimately granted the motion without conducting an oral or
evidentiary hearing.  The trial court
entered a final judgment dismissing all of Hamilton=s claims Aon the merits@ as frivolous for failure to comply
with chapter 14 of the Texas Civil Practice and Remedies Code.  Hamilton filed a motion for new trial.  The trial court denied the motion for new
trial without conducting an evidentiary hearing, and this appeal followed.

III.  Motion for New Trial

In his first point, Hamilton argues
that the trial court erred by failing to conduct an evidentiary hearing on his
motion for new trial because his verified motion raises controverted matters
that are not determinable from the record. 


We review a trial court=s denial of a motion for new trial
for an abuse of discretion.  See Cliff
v. Huggins, 724 S.W.2d 778, 778B79 (Tex. 1987).  To
determine whether a trial court abused its discretion, we must decide whether
the trial court acted without reference to any guiding rules or principles; in
other words, we must decide whether the act was arbitrary or unreasonable.  Cire v. Cummings, 134 S.W.3d 835, 838B39 (Tex. 2004).

Whether to hold an evidentiary
hearing on a motion for new trial in a civil matter is within the trial court=s discretion unless the ground for
the motion is jury misconduct.  See
Hamilton v. Williams, 298 S.W.3d 334, 339 (Tex. App.CFort Worth 2009, no pet.); Parham
v. Wilbon, 746 S.W.2d 347, 351 (Tex. App.CFort Worth 1988, no writ); see also Tex. R. Civ. P.
327 (providing that, when the ground of a motion for new trial, supported by
affidavit, is misconduct of the jury, Athe court shall hear evidence thereof from the jury or others
in open court@).








In this case, the allegation of jury
misconduct does not apply because no jury trial was held.  Moreover, even if we were to adopt the
standard applied by other courts of appealsCthat a trial court must hold a hearing on a motion for new
trial if the motion Apresents a question of fact upon
which evidence must be heard@ and alleges facts that, if true,
would entitle the movant to a new trialCHamilton would not be entitled to an evidentiary hearing on
his motion for new trial because it failed to identify any question of fact
upon which additional evidence was required or to specify what evidence, if
any, he would have presented to the trial court had an evidentiary hearing been
held.  See, e.g., Landis v.
Landis, No. 04‑08‑00858‑CV, 2009 WL 4339055, at *1 (Tex.
App.CSan Antonio Dec. 2, 2009, no pet.) (AA trial court is only required to
conduct a hearing on a motion for new trial when a motion presents a question
of fact upon which evidence must be heard.@).  Accordingly, the
trial court did not abuse its discretion by failing to conduct an evidentiary
hearing on Hamilton=s motion for new trial.  We overrule Hamilton=s first point.[3]

IV.  Right to Attend a Hearing on a Chapter 14
Motion to Dismiss

 








In his third point, Hamilton argues
that the trial court erred by denying his constitutional right to be heard on
Pechacek=s chapter 14 motion to dismiss
because the court failed to consider and rule upon his motion for a bench
warrant to personally appear at a hearing or, in the alternative, to
participate by conference call.  The
trial court did not conduct an oral or evidentiary hearing but heard Pechacek=s motion to dismiss by submission
only. 

A.      Standard of
Review

We review for an abuse of discretion
a trial court=s ruling on a request for a bench
warrant or to participate at trial by other means.  In re Z.L.T., 124 S.W.3d 163, 165
(Tex. 2003); In re D.D.J., 136 S.W.3d 305, 311B14 (Tex. App.CFort Worth 2004, no pet.).  To determine whether a trial court abused its
discretion, we must decide whether the trial court acted without reference to
any guiding rules or principles; in other words, we must decide whether the act
was arbitrary or unreasonable.  Cire,
134 S.W.3d 835 at 838B39. 
When reviewing matters committed to the trial court=s discretion, we may not substitute
our own judgment for that of the trial court. 
Bowie Mem=l Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex. 2002).

B.      Bench Warrant or Appearance at Hearing by
Conference Call

Litigants cannot be denied access to
the courts simply because they are inmates. 
Z.L.T., 124 S.W.3d at 165; Ringer v. Kimball, 274 S.W.3d
865, 867 (Tex. App.CFort Worth 2008, no pet.).  However, an inmate does not have an automatic
right to appear in person in every court proceeding.  Z.L.T., 124 S.W.3d at 165; D.D.J.,
136 S.W.3d at 311.  AThe right of a prisoner to have
access to the courts entails not so much his personal presence as the opportunity
to present evidence or contradict the evidence of the opposing party.@ 
D.D.J., 136 S.W.3d at 314.








In this case, the trial court heard
Pechacek=s motion to dismiss by submission
only, implicitly denying Hamilton=s request for a bench warrant or, alternatively, to appear at
hearing by conference call.  Section
14.003(c) of the civil practice and remedies code provides that a hearing on a
chapter 14 motion to dismiss is not mandatary, stating:

In determining
whether [to dismiss a suit under section 14.003], the court may hold a
hearing.  The hearing may be held before
or after service of process, and it may be held on motion of the court, a
party, or the clerk of the court.

 

Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(c) (Vernon 2002) (emphasis
added).  The plain language of the
statute indicates that the trial court=s determination to hold a hearing on a chapter 14 motion to
dismiss is discretionary.  See id.  Thus, an inmate bringing a claim subject to
chapter 14 has no right to be heard at a hearing upon a motion to dismiss his
or her claims.  See Thomas v.
Wichita Gen. Hosp., 952 S.W.2d 936, 938 (Tex. App.CFort Worth 1997, pet. denied)
(holding that a trial court=s determination whether to hold a
hearing on a chapter 14 motion to dismiss is discretionary).








Based on section 14.003(c), it was
within the trial court=s discretion to hear Pechacek=s motion to dismiss by submission
only, without conducting an oral or evidentiary hearing.[4]  Hamilton had the opportunity to oppose
Pechacek=s motion to dismiss and did so by
filing verified objections.  Moreover,
Hamilton does not identify any evidence or argument that he contends he would
have presented at the hearing but could not. 
Hamilton had no need to attend a hearing to present evidence or
contradict the evidence of the opposing party because no evidentiary hearing
was held.  See D.D.J., 136 S.W.3d
at 314.  Accordingly, we hold that the
trial court did not abuse its discretion by failing to conduct an evidentiary
hearing or by implicitly denying Hamilton=s request to appear at any hearing personally or by
conference call.  We overrule Hamilton=s third point.

V.  Dismissal Pursuant to Chapter 14 of the Texas
Civil

Practice
and Remedies Code

 

In his second, fourth, and fifth
points, Hamilton complains that the trial court erred by granting Pechacek=s motion to dismiss his claims and
his request for injunctive relief as frivolous under chapter 14 and by
dismissing them Aon the merits.@ 
For the reasons set forth below, we will sustain the portions of
Hamilton=s second, fourth, and fifth points
that challenge the dismissal of his common law assault and battery and personal
property claims, his section 1983 excessive force claim against Pechacek
individually, and the dismissal with prejudice of his section 1983 access to
courts claim; we will overrule the balance of Hamilton=s second, fourth, and fifth points.








A.      Dismissal Under Chapter 14

The legislature enacted chapter 14 of
the Texas Civil Practice and Remedies Code to control the flood of frivolous
lawsuits being filed in Texas courts by prison inmates because these suits
consume many valuable judicial resources with little offsetting benefits.  Bishop v. Lawson, 131 S.W.3d 571, 574
(Tex. App.CFort Worth 2004, pet. denied); Thomas
v. Knight, 52 S.W.3d 292, 294 (Tex. App.CCorpus Christi 2001, pet. denied), cert. denied, 537
U.S. 890 (2002).  Chapter 14 sets forth
procedural requirements an inmate must satisfy as a prerequisite to filing
suit.  Tex. Civ. Prac. & Rem. Code
Ann.  '' 14.002, 14.004B.006; see also Lilly v. Northrep, 100 S.W.3d 335, 336
(Tex. App.CSan Antonio 2002, pet. denied).  Among other requirements, an inmate must file
an affidavit or unsworn declaration stating the date that the grievance
underlying the lawsuit was filed and the date of the TDCJ=s written decision, along with Aa copy of the written decision from
the grievance system.@ 
Tex. Civ. Prac. & Rem. Code Ann. ' 14.005(a)(1)B(2).  Should the inmate
fail to comply with these requirements, his suit will be dismissed.  Lilly, 100 S.W.3d at 336.

Even if an inmate satisfies the
necessary filing requirements, however, the trial court may dismiss an inmate=s claim if it finds the claim to be
frivolous or malicious.  Tex. Civ. Prac.
& Rem. Code Ann. ' 14.003; Comeaux v. Tex. Dep=t of Criminal Justice, 193 S.W.3d 83, 86 (Tex. App.CHouston [1st Dist.] 2006, pet.
denied).  A claim is frivolous or
malicious if it has no basis in law or fact or if its realistic chance of
ultimate success is slight.  Tex. Civ. Prac.
& Rem. Code Ann. ' 14.003(b)(1)B(2).








B.      Standard of Review

We review a dismissal under chapter
14 for an abuse of discretion. Bishop, 131 S.W.3d at 574.  When, as in this case, an inmate=s lawsuit is dismissed as frivolous
for having no basis in law or in fact but no fact hearing is held, our review
focuses on whether the inmate=s lawsuit has an arguable basis in
law.  See Scott v. Gallagher, 209
S.W.3d 262, 266 (Tex. App.CHouston [1st Dist.] 2006, no
pet.).  While a chapter 14 dismissal is
reviewed under an abuse of discretion, the issue as to whether a claim has an
arguable basis in law is a legal question that we review de novo.  See In re Humphreys, 880 S.W.2d 402,
404 (Tex.) (op. on reh=g) (explaining that questions of law
are reviewed de novo), cert. denied, 513 U.S. 964 (1994).  We
will affirm the dismissal if it was proper under any legal theory.  Johnson v. Lynaugh, 796 S.W.2d 705,
706B07 (Tex. 1990).

In conducting our review, we take as
true the factual allegations in an inmate=s petition and review the types of relief and causes of
action set out therein to determine whether, as a matter of law, the petition
stated a cause of action that would authorize relief.  See Scott, 209 S.W.3d at 266.  A claim has no arguable basis in law if it
relies upon an indisputably meritless legal theory.  Id. at 266B67.








Here, the trial court dismissed
Hamilton=s claims Aon the merits@ or with prejudice.  A dismissal with prejudice operates as if the
case had been fully tried and decided.  See
Ritchey v. Vasquez, 986 S.W.2d 611, 612 (Tex. 1999).  Orders
dismissing cases with prejudice have full res judicata and collateral estoppel
effect, barring subsequent relitigation of the same causes of action or issues
between the same parties.  See Barr v.
Resolution Trust Corp., 837 S.W.2d 627, 630B31 (Tex. 1992).  When
reviewing whether the trial court abused its discretion by dismissing claims
with prejudice under chapter 14, this court should consider whether the inmate=s error could be remedied with more
specific pleading; if so, a dismissal under chapter 14 with prejudice is
improper.  See Leachman v. Dretke,
261 S.W.3d 297, 306 (Tex. App.CFort Worth, 2008 no pet.) (op. on reh=g).

C.      Dismissal of
Hamilton=s Claims Under Section 14.005

In his second point, Hamilton
contends that the trial court erred by dismissing his claims for failure to
comply with section 14.005 of the civil practice and remedies code.  Specifically, Hamilton argues that the trial
court erred by dismissing his claims under section 14.005 based upon the
incorrect assumption that he failed to file a copy of the TDCJ=s written response to his underlying
grievance.  See Tex. Civ. Prac.
& Rem. Code Ann. ' 14.005(a)(2) (requiring inmate to
file Aa copy of the written decision from
the grievance system@).








A review of the record shows that
Hamilton indeed filed the TDCJ=s written Step I and Step II
decisions in the grievance relevant to this lawsuit.  Moreover, in
his briefing before this court, Pechacek acknowledges that Hamilton filed the
written Step I and Step II grievance decisions and concedes that Hamilton=s claims are not properly subject to
dismissal for failure to comply with section 14.005.  Accordingly, we hold that the trial court
abused its discretion to the extent that it dismissed Hamilton=s claims as frivolous for alleged
failure to comply with section 14.005, and we sustain Hamilton=s second point.[5]

D.      Dismissal of
Hamilton=s Claims Under Section 14.003(a)(2)

In his fourth point, Hamilton argues
that the trial court erred by dismissing his claims as frivolous under section
14.003(a)(2) because they lacked an arguable basis in law or their realistic
chance of ultimate success was slight. 
In response, Pechacek concedes that Hamilton=s common law assault and battery and
section 1983 excessive force claims are not frivolous and not subject to
dismissal at this time but argues that Hamilton=s remaining claims are subject to dismissal as frivolous.

1.       Hamilton=s Assault and Battery Claim

Hamilton brings a common law assault
and battery claim.  On appeal, Pechacek
acknowledges that this claim is not frivolous, Anot subject to dismissal as lacking basis in law,@ and Anot presently ripe for dismissal with prejudice under ' 14.003(a)(2).@ 
In addition, Pechacek requests that we remand Hamilton=s common law assault and battery
claim to the trial court for further proceedings.  We agree.








A person commits an assault by
intentionally, knowingly, or recklessly causing bodily injury to another.  Gibbins v. Berlin, 162 S.W.3d 335, 340
(Tex. App.CFort Worth 2005, no pet.).  In his original petition, Hamilton
specifically alleges that Pechacek intentionally threw Aextremely hot@ coffee on him and knew or should
have known that his actions would Arecklessly cause first degree burns.@ 
Accordingly, we hold that Hamilton=s assault and battery claim does not lack an arguable basis
in law and that the trial court abused its discretion by dismissing this claim
with prejudice.

2.       Hamilton=s 42 U.S.C. ' 1983 Excessive Force Claims

Hamilton=s petition brings suit against
Pechacek Aindividually and in his official
capacity@ and alleges that Pechacek=s actions constituted Aexcessive use of force@ committed Aintentionally, . . . knowingly,@ Aarbitrar[ily], wantonly, and in bad faith.@ 
Accordingly, the petition may be read to include an Eighth Amendment
excessive force claim under section 1983.[6]  As with Hamilton=s assault and battery claim, Pechacek
admits on appeal that this claim is not frivolous, Anot subject to dismissal as lacking
basis in law,@ and Anot presently ripe for dismissal with prejudice under ' 14.003(a)(2).@ 
Pechacek requests that we remand Hamilton=s section 1983 excessive force claim to the trial court for
further proceedings.








Section 1983 creates a private right
of action for violations of an individual=s federally guaranteed rights by those acting under color of
state law.  42 U.S.C.A. ' 1983 (2003); Richardson v.
McKnight, 521 U.S. 399, 403, 117 S. Ct. 2100, 2103 (1997).  But Congress did not intend section 1983 to
abrogate a state=s sovereign immunity from suit
without the state=s consent.  Will v. Mich. Dep't of State Police,
491 U.S. 58, 64B66, 109 S. Ct. 2304, 2308B09 (1989) (holding that Aa State is not a person within the
meaning of ' 1983@).  Therefore, a state
is not a proper party to a section 1983 claim.  See Harrison v.
Tex. Dept. of Criminal Justice‑Institutional Div., 915 S.W.2d 882,
889 (Tex. App.CHouston [1st Dist.] 1995, no
pet.).  When sued under section 1983 in
an official capacity, a suit against a TDCJ official is a suit against the State
of Texas and is thus barred by sovereign immunity.  See Tex. Dep't of Pub. Safety v. Petta,
44 S.W.3d 575, 581 (Tex. 2001). 
Accordingly, we hold that the trial court did not abuse its discretion
by dismissing with prejudice Hamilton=s section 1983 claim against Pechacek to the extent that he
was sued in his official capacity.








State officials sued in their
individual capacity, however, do not enjoy sovereign immunity from suit and may
be sued under section 1983.  See, e.g.,
Hidalgo County v. Gonzalez, 128 S.W.3d 788, 792B93 (Tex. App.CCorpus Christi 2004, no pet.).  When an inmate brings an excessive force
section 1983 claim against a prison official individually, Athe core judicial inquiry
is . . . whether force was applied in a good‑faith
effort to maintain or restore discipline, or maliciously and sadistically to
cause harm.@ 
Baldwin v. Stalder, 137 F.3d 836, 838 (5th Cir. 1998) (quoting Hudson
v. McMillian, 503 U.S. 1, 7, 112 S. Ct. 995, 999 (1992)).  Hamilton=s original petition alleges that Pechacek used excessive
force by intentionally, knowingly, arbitrarily, wantonly, and in bad faith
causing extremely hot coffee to be spilled on Hamilton=s body.  On appeal, Hamilton specifically argues that
Pechacek=s actions were in bad faith and Anot sanctioned by any established
state policy,@ as demonstrated by the fact that
they allegedly violated established TDCJ rules, policies, and procedures.[7]  Accordingly, Hamilton has alleged facts to
support a section 1983 excessive force claim against Pechacek
individually.  We hold, therefore, that
this claim is not frivolous as a matter of law and that the trial court abused
its discretion to the extent it dismissed Hamilton=s section 1983 excessive force claim
against Pechacek individually.

3.       Hamilton=s Claim Based Solely Upon the Texas
Constitution








Hamilton argues that the trial court
erred by dismissing his claim based on Texas constitutional violations because
it is not based solely on Texas constitutional violations but on common
law assault and battery and section 1983 excessive force claims as well.  Hamilton also contends that his allegations
of Texas constitutional violations support declaratory and injunctive relief,
not his request for damages.








Hamilton=s original petition seeks damages
based on Texas constitutional violations, brings suit against Pechacek to Aredress the deprivation under color
of state law of rights secured by the constitution of the State of Texas,@ and requests compensatory and
punitive damages.  Under the Texas
Supreme Court=s decision in City of Beaumont v.
Bouillion and its progeny, however, no private cause of action exists
against a governmental entity or its officials for money damages relating to
alleged violations of Texas constitutional rights.  See City of Arlington v. Randall, No.
02-08-00374-CV, 2009 WL 4757272, at *6 (Tex. App.CFort Worth Dec. 10, 2009, pet. filed) (citing City of
Beaumont v. Bouillion, 896 S.W.2d 143, 147 (Tex. 1995), and holding that
there is no private right of action for damages arising from unconstitutional
conduct under Texas constitution=s free speech and free assembly clauses); Tex. A & M
Univ. Sys. v. Luxemburg, 93 S.W.3d 410, 425 (Tex. App.CHouston [14th Dist.] 2002, pet.
denied) (op. on reh=g) (holding Bouillion applies
to bar private right of action for damages arising from other alleged Texas
constitutional violations); Univ. of Tex. Sys. v. Courtney, 946 S.W.2d
464, 468B69, 471 (Tex. App.CFort Worth 1997, writ denied) (op. on
reh=g) (holding Bouillion applies
to alleged Texas constitutional due process provision violations by individual
public officials and governmental entities). 
Accordingly, we hold that, to the extent Hamilton=s claims for damages are based solely
on alleged violations of his Texas constitutional rights, they are frivolous as
lacking an arguable basis in law.[8]  Moreover, because this claim relies upon an
indisputably meritless legal theory, Hamilton cannot remedy this deficiency by
amending his pleading.  We therefore hold
that the trial court did not abuse its discretion by dismissing this claim with
prejudice.

4.       Hamilton=s
Claims Based Upon Alleged Violations of the Texas Penal Code








Hamilton contends that the trial
court erred by dismissing his claims based upon Pechacek=s alleged violations of Texas Penal
Code sections 22.01 (assault) and 39.03 (official oppression).  But the Texas Penal Code does not create a
private cause of action.  Brown v. De
La Cruz, 156 S.W.3d 560, 567 (Tex. 2004); Spurlock v. Johnson, 94
S.W.3d 655, 658 (Tex. App.CSan Antonio 2002, no pet.).  Accordingly, we hold that to the extent Hamilton
brings claims based on Pechacek=s alleged assault and official
oppression as violations of the penal code, they are frivolous as lacking
arguable bases in law.  Moreover, the claim relies upon an
indisputably meritless legal theory, and Hamilton cannot remedy this deficiency
by amending his pleadings.  Thus, we hold
that the trial court did not abuse its discretion by dismissing these claims
with prejudice.

5.       Hamilton=s
Claims Based Upon Alleged Violations of the Texas Government Code








Hamilton contends the trial court
erred by dismissing his claims based upon Pechacek=s alleged violations of Texas
Government Code sections 501.007 and 501.008. 
These sections authorize discretionary payments to inmates for the
destruction of their property by prison officials (501.007) and require the
TDCJ to develop and maintain an administrative system for inmate grievances
(501.008).  See Tex. Gov=t Code Ann. '' 501.007B.008 (Vernon 2004).  In addition, section 501.008(d) requires that
inmates exhaust the government code grievance procedures before initiating a
civil suit seeking damages for property destruction.  Id. 
' 501.008; see Spurlock v.
Schroedter, 88 S.W.3d 733, 737 (Tex. App.CCorpus Christi 2002, no pet.) (AClearly, the legislature foresaw that inmates would seek
redress in the courts [for destruction to personal property] because section
501.008(d) is the requirement to exhaust the grievance procedures before
initiating suit.@). 
These sections of the government code do not, however, provide an
independent basis for an inmate=s civil lawsuit.  See, e.g., Spurlock, 88 S.W.3d
at 737.  We hold that Hamilton=s claims are frivolous because they
have no arguable basis in law to the extent that they are based solely on
Pechacek=s alleged government code
violations.  Moreover, any such claims
rely upon an indisputably meritless legal theory, and Hamilton cannot remedy
the deficiency by amending his pleadings.  Accordingly, we further
hold that the trial court did not abuse its discretion by dismissing any such
claim with prejudice.

6.       Hamilton=s Common Law Property Claims

Hamilton seeks damages based upon
Pechacek=s alleged destruction of A$166 worth of legal documents
generated from a pending suit against Asst. Warden Tommy Norwood.@ 
In his original petition, Hamilton specifically alleges that Pechacek
intentionally caused coffee to be spilled and knew or should have known that
the documents would be destroyed as a result; in the alternative, Hamilton
alleges that Pechacek=s actions Aconstituted negligence and gross
negligence under state law.@ 
Pechacek counters that the law does not recognize an inmate=s claim of negligent or intentional
deprivation of property by a public official.








Texas common law recognizes claims of
intentional and negligent destruction of personal property.  See Johnson v. Brewer & Pritchard, P.C.,
73 S.W.3d 193, 211 n.44 (Tex. 2002) (defining common law conversion as Athe wrongful exercise of dominion and
control over another=s property in denial of or
inconsistent with his rights@); Kelly v. Brown, 260 S.W.3d
212, 218 (Tex. App.CDallas 2008, pet. denied)
(recognizing personal injury and property damages recoverable under common law
negligence claim).  In addition, an
inmate may bring suit asserting a common law claim for negligent, intentional,
or reckless destruction of personal property if the TDCJ=s administrative grievance procedures
have been exhausted.  See Spurlock,
88 S.W.3d at 737; see also Tex. Gov=t Code Ann. ' 501.008.

Hamilton=s original petition brings a
negligence claim seeking damages for the destruction of his personal
property.  Moreover, his petition may be
liberally construed to include a common law conversion claim as well.  And Hamilton alleges that he has exhausted
all TDCJ administrative grievance procedures that are required as a condition
of his ability to bring suit. 
Accordingly, we hold that the trial court could not have properly
concluded that Hamilton=s common law property claims lack an
arguable basis in law and that, consequently, the trial court abused its
discretion by dismissing these claims.

7.       Hamilton=s Section 1983 Claims Relating to the Intentional
Destruction of Personal Property








In his motion for new trial, Hamilton
asserts that his claim of intentional destruction of property arises under 42
U.S.C. ' 1983.[9]  The Due Process Clause of the Fourteenth
Amendment provides that no state shall Adeprive any person of life, liberty or property without due
process of law.@ U.S. Const. amend. XIV.  However, a state prison official=s unauthorized intentional act that
deprives an inmate of property is not a constitutional violation if there
exists an adequate post‑deprivation remedy.  Hudson v. Palmer, 468 U.S. 517, 535,
104 S. Ct. 3194, 3204B05 (1984).  The Texas Legislature has provided an
administrative remedy to compensate inmates for property lost or damaged by
prison officials.  See Tex. Gov=t Code Ann. '' 501.007B.008 (addressing compensation process
for inmate claims of lost or damaged property and establishing an inmate
grievance system).  Because they have an
adequate post‑deprivation remedy, inmates in Texas have no arguable basis
in law for asserting a section 1983 due process claim for the intentional
destruction of their property by a prison official.  Spurlock, 88 S.W.3d at 736‑37; Aguilar
v. Chastain, 923 S.W.2d 740, 744 (Tex. App.CTyler 1996, writ denied). 
Accordingly, there is no arguable basis in law for Hamilton=s section 1983 claim based on
violation of his due process rights due to Pechacek=s alleged intentional destruction of
his legal documents, and Hamilton cannot remedy this claim=s deficiencies by amending his
pleadings.  We hold, therefore, that the
trial court did not err by dismissing this claim with prejudice under chapter
14.

Hamilton also alleges that the
destroyed documents related to pending litigation against Assistant Warden
Tommy Norwood.  His petition, therefore,
arguably may be construed to include an access to courts claim under 42 U.S.C. ' 1983.  To sustain a constitutional claim for denial
of access to the courts, an inmate must show Aactual injury@ to a legal claim by demonstrating
that his or her position as a litigant has been prejudiced by the defendant=s actions.  McDonald v. Steward, 132 F.3d 225, 230B31 (5th Cir. 1998); see Lewis v.
Casey, 518 U.S. 343, 349B51, 116 S. Ct. 2174, 2179B80 (1996).








In this case, Hamilton=s original petition makes no factual
allegations regarding the impact, if any, that the alleged destruction of his
legal documents has on his position as a litigant in this or any other
litigation.  Hamilton cannot, therefore,
prevail on a section 1983 access to courts claim because he has not alleged
actual injury.  See McDonald, 132
F.3d at 230B31. 
We hold that the trial court did not err to the extent that it dismissed
this claim under chapter 14 as frivolous. 
However, it is possible that Hamilton may address this deficiency by
amending his pleadings to specify how Pechacek=s alleged actions caused actual injury to a legal claim by
prejudicing Hamilton=s position as a litigant.  See id.  Accordingly, we hold that the trial court
abused its discretion by dismissing Hamilton=s section 1983 open courts claim with prejudice.

8.       Hamilton=s Claim for Injunctive Relief








Hamilton=s original petition requests a
temporary restraining order and an eight-point prohibitory injunction against
Pechacek to ensure Pechacek=s ongoing compliance with TDCJ
regulations and federal and state law.[10]  Hamilton
argues that the trial court erred by dismissing this request because he
adequately pleaded every element necessary to obtain injunctive relief.[11]  In response, Pechacek contends that Hamilton=s request for injunctive relief fails
because he did not allege the threat of imminent injury.

In an appeal from an order granting
or denying a temporary injunction, the scope of review is restricted to the
validity of the order granting or denying relief.  Walling v. Metcalfe, 863 S.W.2d 56, 58
(Tex. 1993); Argyle ISD v. Wolf, 234 S.W.3d 229, 237 (Tex. App.CFort Worth 2007, no pet.).  Whether to grant or deny a request for a
temporary injunction is within the trial court=s discretion, and we will not reverse its decision absent an
abuse of discretion.  Butnaru v. Ford Motor Co., 84 S.W.3d
198, 204 (Tex. 2002) (op. on reh=g); Walling, 863 S.W.2d at 58.








To be entitled to a temporary
injunction, the applicant generally must plead a cause of action and further
show both a probable right to recover on that cause of action and a probable,
imminent, and irreparable injury in the interim.  Butnaru, 84 S.W.3d at 204; Argyle
ISD, 234 S.W.3d at 236.  An
injunction is not proper when the claimed injury is merely speculative; fear
and apprehension of injury are not sufficient to support a temporary
injunction.  Frequent Flyer Depot Inc. v. Am. Airlines, Inc.,
281 S.W.3d 215, 227 (Tex. App.CFort Worth 2009, pet. denied); Jordan
v. Landry's Seafood Rest., Inc., 89 S.W.3d 737, 742 (Tex. App.CHouston [1st Dist.] 2002, pet.
denied) (op. on reh=g). 
Thus, A[a]n injunction will not issue unless
it is shown that the respondent will engage in the activity enjoined.@ 
State v. Morales, 869 S.W.2d 941, 946 (Tex. 1994).

Here, only one alleged incident forms
the factual basis of Hamilton=s claimsCPechacek=s alleged assault on January 9, 2008,
by intentionally or negligently spilling coffee on Hamilton and his legal
documents.  In his original petition,
Hamilton contends that A[t]he assault and battery took place
from a common and ongoing unjustified and excessive mistreatment of offenders.A  Hamilton makes no factual
allegation, however, supporting this contention or otherwise indicating that he
faces any threat of imminent injury from Pechacek.  Because Hamilton makes no factual allegation
of the  threat of imminent injury, we
hold that the trial court did not abuse its discretion by denying his request
for injunctive relief with prejudice.[12]

VI.  Conclusion








Because we have held that the trial
court abused its discretion by dismissing Hamilton=s common law assault and battery and
personal property claims, his section 1983 excessive force claim against
Pechacek individually, and by dismissing with prejudice Hamilton=s section 1983 access to courts
claim, we reverse the trial court=s order as to the dismissal of those claims with prejudice
and remand those claims for further proceedings consistent with this opinion.

We affirm the remainder of the trial
court=s judgment including the dismissal
with prejudice of Hamilton=s request for injunctive relief; his
section 1983 excessive force claim against Pechacek in his official capacity;
his section 1983 Due Process claim for the destruction of property; his damages
claim based solely upon alleged Texas constitutional violations; his claims
based solely upon alleged violations of TDCJ rules, policies, and procedures;
his claims based on Texas Penal Code violations or Texas Government Code
sections 501.007 and 501.008; and his claims for declaratory judgment,
protective order, and mandatary injunction.

 

SUE
WALKER

JUSTICE

 

 

PANEL:  LIVINGSTON, WALKER, and MEIER, JJ.

 

DELIVERED: March
11, 2010











[1]Hamilton=s original petition also brings a claim for
intentional infliction of emotional distress, but in briefing before the trial
court Hamilton, specifically represented that he had Aabandon[ed]@ this
claim.





[2]Pechacek appears in this court pro se.  Accordingly, we liberally construe his
arguments and attempt to address the legal and factual arguments he makes.  See, e.g., Tex. R. App. P. 38.9;
McCullough v. Tex. Dep=t of Criminal Justice‑ID, No. 02‑07‑00072‑CV, 2008 WL
704419, at *2 n.6 (Tex. App.CFort Worth Mar. 13, 2008, no pet.) (mem. op.).





[3]Hamilton=s contentionCthat his motion for new trial raises matters Anot
determinable from the record@Capparently
relies upon the criminal standard for requiring an evidentiary hearing on a
motion for new trial:  AGenerally,
a trial court should hold a hearing if the motion and attached affidavit raise
matters that are not determinable from the record that could entitle the
accused to relief.@  Rozell v.
State, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005).  Because this is not a criminal matter, we do
not apply the criminal standard here.





[4]Hamilton also argues that the trial court erred by
violating Wichita County Local Rule 2.7.c.2, which requires in part that, Aif the
Court receives a written objection [to a proposed judgment, decree, or order]
within [ten days], the proponent of the judgment, decree or order shall
schedule a hearing for entry of the same.@  However, the
trial court did not fail to schedule a hearing; on July 21, 2008, it signed an AOrder
Setting Hearing@ by submission only.





[5]Because we sustain Hamilton=s second
point on the ground that he complied with section 14.005, we do not address,
and express no opinion regarding, Hamilton=s alternative argument that dismissal based on failure
to comply with section 14.005 is not authorized because Athe
prerequisites of ' 14.005 are not mandatory, but merely are
directory.@  





[6]Pechacek states on appeal that, A[a]lthough
no mention of the Eighth Amendment or excessive force are made, Hamilton=s
petition may be liberally construed to include an excessive force claim brought
under 42 U.S.C. ' 1983.@





[7]Hamilton=s appellate brief seems to argue that his allegations
that Pechacek acted in violation of TDCJ rules, policies, and procedures
support his common law assault and battery and constitutional excessive force
claims and do not, by themselves, constitute a separate cause of action.  Hamilton failed to raise or brief any point
challenging the trial court=s dismissal of any claim he may have brought based
solely on Pechacek=s alleged violation of TDCJ rules, policies, or
procedures.  Therefore, for purposes of
this appeal, any alleged error by the trial court in dismissing such claims is
waived.  See Tex. R. App. P.
38.1(e), (h); Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d
279, 284B85 (Tex. 1994) (discussing the Along‑standing
rule@ that an appellate point may be waived due to
inadequate briefing); Leachman, 261 S.W.3d at 305 n.3 (holding that
inmate waived challenge regarding constitutional claims because he failed to
raise or brief them on appeal).





[8]Hamilton=s original petition also seeks declaratory judgment
based on alleged violations of his rights under the Texas constitution.  Hamilton failed, however, to raise or brief
any point challenging the trial court=s dismissal of his declaratory judgment action.  Therefore, for purposes of this appeal, any
alleged error by the trial court is waived. 
See Tex. R. App. P. 38.1(e), (h); Fredonia State Bank, 881
S.W.2d at 284B85; Leachman, 261 S.W.3d at 305 n.3.





[9]Although asserting a claim for intentional
destruction of his property, Hamilton acknowledges in briefing before the trial
court that Ano section 1983 claim exists for negligent damage
to property.@  [Emphasis
added.]





[10]Specifically, Hamilton sought to enjoin Pechacek from
(1) communicating with Hamilton Ain vulgar, obscene, or indecent language, or in a
coarse or offensive manner, with intent to annoy or alarm@; (2)
threatening to Atake unlawful action@ against Hamilton or others with personal knowledge of
the facts of the case; (3) causing bodily injury to Hamilton or any witnesses
in this case; (4) threatening Hamilton or witnesses with Aimminent
bodily injury@; (5) causing Aoffensive or provocative@ physical contact with Hamilton or witnesses; (6)
intentionally subjecting Hamilton Ato mistreatment or to arrest, detention, search,
seizure, dispossession, assessment, or lien that he knows is unlawful@; (7)
intentionally denying or impeding Hamilton Ain the exercise or enjoyment of any right, privilege,
power, or immunity, knowing his conduct is unlawful@; and
(8) intentionally subjecting Hamilton to sexual harassment.





[11]Hamilton also requested a protective order against
Pechacek and a mandatory injunction ordering the Executive Director of the TDCJ
to file a complaint against Pechacek with the Wichita County District
Attorney.  Hamilton failed, however, to raise or brief any point
challenging the trial court=s dismissal of these requests.  Therefore, for purposes of this appeal, any
alleged error by the trial court in denying these requests is waived.  See Tex. R. App. P. 38.1(e), (h); Fredonia
State Bank, 881 S.W.2d at 284B85; Leachman, 261 S.W.3d at 305 n.3.





[12]Based on our holding that Hamilton failed to allege
the threat of imminent injury, we do not address, and express no opinion
regarding, Pechacek=s alternative arguments attacking Hamilton=s
request for injunctive relief.